UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. |
| | ) | |
| v. | ) | (Judge            ) |
| | ) | |
| REAL PROPERTY LOCATED AT 163 ARROWHEAD CIRCLE, NEWFOUNDLAND, PENNSYLVANIA, | ) ) ) ) ) | |
| Defendant. | ) | (Electronically Filed) |

## COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, the United States of America, by and through its attorneys, Gerard M. Karam, Acting United States Attorney for the Middle District of Pennsylvania, and Sean A. Camoni, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. Plaintiff, United States of America, alleges the following upon information and belief for its claim against the defendant real property (hereinafter "defendant property"), pursuant to 21 U.S.C. § 881(a) in violation of 21 U.S.C. § 856, and 21 U.S.C. § 841.

## THE DEFENDANT IN REM

2. The defendant is real property known and numbered as 163 Arrowhead Circle, Newfoundland, Pennsylvania, with all appurtenances, improvements, and attachments thereon, and is more fully described in Attachment A. The record owner of the defendant real property is Qunqing Xu. The following may have interests in the defendant real property: Qunqing Xu.

3. The defendant real property has not been seized but it is located within this district and within the jurisdiction of the Court. The United States does not request authority from the Court to seize the defendant real property at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1):

    a. post notice of this action and a copy of the Complaint on the defendant real property, and

    b. serve notice of this action on the defendant property owner, and any other person or entity who may claim an interest in the defendant property, along with a copy of this Complaint, and

    c. file a Lis Pendens against the defendant real property.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the defendant property:

    a. pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district;

    b. pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action occurred in this district; the defendant property is found in this district;

6. Venue is proper in this district:

    a. pursuant to 28 U.S.C. §1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district; and

    b. pursuant to 28 U.S.C. § 1395(b) because the defendant property is located in this district.

## BASIS FOR FORFEITURE

7. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a) because it is real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

## FACTS

8. All of the facts alleged in this Complaint are based upon information and belief, the sources of which are Jason Gula, Task Officer for the Drug Enforcement Administration, resulting from an investigation into the criminal activities taking place within the defendant property.

9. On June 6, 2022, the honorable Joseph Saporito, a Federal Magistrate Judge in the Middle District of Pennsylvania, approved a federal search warrant at 163 Arrowhead Circle, Newfoundland, Pennsylvania.

10. At approximately 5:00 PM, Agents from the Scranton

Resident Office of the DEA, Pennsylvania State Police ("PSP"), Trooper William Jenkins, and Pennsylvania Game Wardens, Patrick Sowers and Warden AJ Meyer, executed the federal search warrant at the target residence.

11. As Agents approached the target residence, a white male who was identified by his New York Driver's License as Jack Chen, opened the front door and surrendered to the approaching Agents. Chen was detained on the front porch area of the target residence.

12. Agents cleared the first level of the residence which included the living room, kitchen, three bedrooms and multiple bathrooms.

13. Agents located a fully operational marijuana cultivation in the basement of the residence, which included three main rooms. Two of the rooms contained mature marijuana plants, and in one room juvenile or seedling marijuana plants were being cultivated.

14. Based on observations of the entirety of the residence, along with other evidence gathered at the scene, no one actually lived at the property. The only purpose for which the property was being used was to grow, cultivate, and harvest marijuana.

15. After securing the residence, Agents conducted a thorough search of the residence which included all of the rooms and an attached garage. A maroon Toyota Sienna was parked inside the garage of the target residence. A search of the van revealed that all of the passenger seats had been removed and a tarp was placed on the floor. Agents observed evidence in the van that was indicative that the van was used for the transport of materials in support of the marijuana grow operation.

16. Task Force Officer ("TFO"), Michael Sciarillo, searched the living room area of the target residence, and located two notebooks inside the TV stand which contained information regarding financial information or bookkeeping related to this marijuana grow and others associated with this investigation.

17. At approximately 8:00 PM, the PSP Clandestine Lab Team responded to the location where they processed the scene and dismantled the marijuana grow operation. The PSP Clan Lab Forensic Chemist Gina Musante took approximately 60 representative samples from the marijuana plants throughout the grow operation.

18. The PSP Clan Lab removed approximately 907 live

marijuana plants from the target location which were placed inside approximately 15 contractor style trash bags. Pennsylvania Game Wardens, Patrick Sowers and AJ Meyer, transported the 15 bags of marijuana from the target location to the Pennsylvania State Game Lands at 1214 US Highway 6, Shohola, Pennsylvania, accompanied by Special Agent, Joseph Begley, TFO Sciarillo, and TFO John Egan.

19. At approximately 10:23 PM, a controlled burn of the 15 trash bags containing the 907 marijuana plants was conducted in order to incarnate all of the remaining marijuana that was recovered from the target residence. The controlled burn was concluded at approximately 12:05 PM. TFO Egan documented the beginning and end of the controlled burn through a video.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that:

a. notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the property;

b. the defendant property be forfeited and condemned to the United States of America;

    c.    the plaintiff be awarded its costs and disbursements in this action;

    d.    the Court execute a Writ of Entry for the purposes of conducting an inspection and inventory of the property; and

    e.    the court order any such other and further relief as this Court deems proper and just.

Dated: 8/4/2022

                      Respectfully submitted,

                      GERARD KARAM
                      UNITED STATES ATTORNEY

        By:    */s/* Sean A. Camoni
                SEAN A. CAMONI
                Assistant U.S. Attorney
                235 N. Washington Avenue, Ste. 311
                Scranton, PA 18503
                Phone: 570-348-2800
                Fax: 570-348-2037
                sean.a.camoni@usdoj.gov

## **VERIFICATION**

I, Jason Gula, hereby verify and declare under penalty of perjury that I am a Task Force Officer for the Drug Enforcement Administration, that I have read the foregoing verified Complaint *in Rem* and know the contents thereof, and that the matters contained in the verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer of the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 8/4/2022

Jason Gula
Task Force Officer
Drug Enforcement Administration